**NOT FOR PUBLICATION**

FILED

JAN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN INGRAM, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>VIVUS, INC., LELAND F. WILSON, and WESLEY W. DAY, Ph. D.,<br><br>                    Defendants-Appellees. | No. 12-17398<br><br>D.C. No. 4:10-cv-04957-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted January 16, 2015
San Francisco, California

Before: NOONAN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.[**]

The plaintiff appeals from a judgment of the district court granting the

defendants' motion to dismiss his class action complaint, which asserts claims under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

the Securities Exchange Act of 1934. A complaint alleging securities fraud must comply with Federal Rules of Civil Procedure 8 and 9 and the pleading requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b). In the present case, the district court concluded that the complaint did not satisfy these requirements because it did not adequately allege that the defendants made materially misleading statements or omissions and did not adequately state facts giving rise to a strong inference of scienter.

We agree with the district court that the complaint did not adequately allege that the defendants made materially misleading statements or omissions. The plaintiff does not allege that any of the defendants' statements were literally false. Instead, he alleges that when the defendants made positive statements about the safety of Qnexa, VIVUS's then-developmental weight-loss drug, they misled investors by failing to disclose information about certain side effects observed during the Qnexa clinical trials. However, the complaint does not give rise to a plausible inference that it is substantially likely that a reasonable investor wold have viewed that information as significantly altering the total mix of information the defendants made available about Qnexa's safety. *See Matrixx Initiatives, Inc. v. Siracusano*, __ U.S. __, 131 S.Ct. 1309, 1318 (2011).

We also agree with the district court that the allegations of the complaint do not give rise to an inference of scienter that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Even if we were to assume that the defendants materially misled investors when they made positive statements about the safety of Qnexa without also disclosing the side-effect data, the most compelling inference one can draw from the facts alleged is that the defendants were, at worst, negligent in failing to appreciate that a reasonable investor would deem the omitted data material. *See In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 702 (9th Cir. 2012) (stating that negligence is insufficient to establish scienter).

Because we conclude that the plaintiff has failed to plead primary violations of Section 10(b) and Rule 10b-5, we also conclude that the Section 20 claims were properly dismissed. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (control-person claims may be dismissed summarily when plaintiff fails to plead primary claim of securities fraud).

Finally, we conclude that the district court did not abuse its discretion in dismissing the complaint without granting leave to amend. *Id.* at 989, 1007.

AFFIRMED.